IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joel Johnson, Jr. | : | |
| | : | |
|     Plaintiff, | : | |
| | : | Civil No. 07-cv-01175 |
| v. | : | Judge Colleen Kollar-Kotelly |
| | : | |
| Penn Camera Exchange., | : | |
| | : | |
|     Defendant. | : | |

### **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Penn Camera Exchange ("Penn Camera" or "Defendant"), files its Answer, Defenses, and Affirmative Defenses to the Complaint filed by Plaintiff as follows:

1. The averments set forth in the first sentence are introductory in nature to which no response is required. To the extent that Plaintiff seeks to characterize 42 U.S.C. § 2000e-5, Defendant asserts that the statutes speak for itself and denies Plaintiff's characterization. Defendant denies the further averments set forth in Paragraph 1.

2. The averments contained in Paragraph 2 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Penn Camera admits that this Court has jurisdiction over Plaintiff's claims, but denies the remaining averments set forth in Paragraph 2.

3. Defendant admits that Plaintiff was employed by Penn Camera but denies the remaining averments set forth in Paragraph 3.

4. Defendant admits that it is the former employer of Plaintiff but denies the remaining averments set forth in Paragraph 4.

5. Defendant admits the averments set forth in Paragraph 5 of the Complaint.

6. Defendant denies the averments set forth in Paragraph 6 of the Complaint.

7. Defendant denies the averments set forth in Paragraph 7 of the Complaint.

8. Defendant denies the averments set forth in Paragraph 8 of the Complaint.

9. Defendant admits the averment set forth in Paragraph 9 of the Complaint that Plaintiff filed a Charge with the EEOC but denies that it was filed in December 2004.

10. Defendant denies the averments set forth in Paragraph 10 of the Complaint.

11. Defendant denies the averments set forth in Paragraph 11 of the Complaint.

12. Defendant admits the averments set forth in Paragraph 12 of the Complaint.

13. Defendant admits the averment set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 is an incorporation paragraph and no response is necessary.

15. Defendant denies the averments set forth in the second Paragraph numbered 14.[1]

16. Defendant denies the averments set forth in Paragraph 15.

17. Defendant denies the averments set forth in Paragraph 16.

18. Paragraph 17 is an incorporation paragraph and no response is necessary.

19. Defendant denies the averments set forth in Paragraph 18.

20. Defendant denies the averments set forth in Paragraph 19.

21. Defendant denies the averments set forth in Paragraph 20.

22. Defendant denies the averments set forth in the second Paragraph numbered 20.[2]

The remaining averments set forth in the Complaint are requests for relief and require neither an admission nor denial by Defendant. Defendant denies, however, that Plaintiff is entitled to any of the relief requested in his Complaint.

---

[1] Plaintiff has included paragraph 14 twice, therefore, going forward the paragraph numbers no longer correspond to the numbers in the Complaint.

[2] Plaintiff has included paragraph 20 twice, therefore, going forward the paragraph numbers and the paragraphs in the complaint are off by two.

**General Denial**

Any allegation in Plaintiff's Complaint not specifically admitted above is hereby denied.

**Defenses and Affirmative Defenses**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of frauds.

3. Plaintiff's claims are barred by estoppel.

4. Plaintiff's claims are barred by fraud.

5. Plaintiff's claims are barred by laches.

6. Plaintiff's claims are barred by waiver.

7. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

8. Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

9. Plaintiff has pled and filed this action in bad faith and therefore should be barred from any recovery in this action.

10. All employment decisions regarding or affecting Plaintiff were based on legitimate, non-discriminatory and reasonable business reasons that were in no way related to Plaintiff's race or assertion of rights under Title VII of the Civil Rights Act of 1964.

11. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE the Defendant, Penn Camera Exchange, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Penn Camera its costs and attorneys' fees incurred in this action, and award Penn Camera any such other relief that this Court deems just and proper.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, CHARTERED


By      /s/
Hope B. Eastman, Bar No. 55517
4800 Hampden Lane, 7th Floor
Bethesda, MD  20814
(301) 951-9326
*Attorneys for Defendant*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November 2007, a true copy of the foregoing Defendant's Answer to Plaintiff's Complaint was electronically filed pursuant to the system of the United States District Court for the District of Columbia and that the same will be available to Plaintiff's counsel.

      /s/
Hope B. Eastman, Bar No. 55517