UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joel Johnson Jr
    Plaintiff

        Case No. 07-cv-01175
        Judge Colleen Kollar-Kotelly

V

Penn Camera Exchange,
    Defendant

### PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWERS TO COMPLAINT

Plaintiff files response to Defendant's answers to Complaint. Since Counsel did not notify Plaintiff that Defendant final answered complaint or that Counsel asked for extension for Plaintiff to answer with out Plaintiffs knowledge or consent, Plaintiff submits his response now.

**Corrections to statement of facts** in lawsuit filed June 29, 2007 Plaintiff Joel Johnson Jr v Defendant Penn Camera Exchange.

    6. Plaintiff was a satisfactory employee from May 1999 through May 2004. Bob Gutoski, white male was Plaintiff's supervisor since began employment.
    8. During the period of April 2004 to December 2004 Plaintiff was held to a different standard to performance than white counter parts, was subjected to a hostile work environment at the store.
    9. In December 2004 Plaintiff filed complaint with Penn Camera, claiming that his supervisor had discriminated him against. Then was subjected to close scrutiny on a continuous basis.
    10. In August 2005 Plaintiff filed complaint with the EEOC claiming that his supervisor had discriminated him against.

**Plaintiff's response to Defendant's answers** all items within [] are in the EEOC file. Plaintiff received positive reviews and raises from time hired in 1999 to review of June 2003 by Bob Gotoski.

**Affirms paragraph 10 of complaint;**
    i.   Plaintiff was held to close scrutiny after filing complaint with Penn Camera in December 2004 [Letter given to Jeff Zwieg to give to Larry Zwieg ]

**Affirms paragraph 14 of complaint;**
   i.   Beginning in April 2004 Mark Rosoff and Pete Howe, both are white, began taking work for the wrong time, not giving enough time and giving work after it was due to the processing department, Plaintiff worked in Processing department. Plaintiff complained to the manager Bob Gotoski and he did nothing. [ EEOC testimony of Bill Jonscher confirms statement ]

   ii.   Plaintiff was held responsible for work not getting done, while white co-workers were not [ sign "due dates not guaranteed " ]

   iii.   Plaintiff denied raises, while white co-workers were not [ Robert Booth, Bill Jonscher ]

**Affirms paragraph 15, 19 of complaint;**
   i.   Mark Rosoff and Pete Howe, both are white, began taking work for the wrong time, not giving enough time and giving work after it was due to the processing department. [ EEOC testimony of Bill Jonscher confirms statement ]

   ii.   Plaintiff was held responsible for work logs not being kept. . [ EEOC testimony of Bill Jonscher, Jerry Smith and Anthony Herfert confirms statement ]

   iii.   Plaintiff was held responsible for work not getting done, while white co-workers were not [ sign "due dates not guaranteed " ]

**Affirms paragraph 20 of complaint;**
   i.   Plaintiff was subjected to continuous pattern of verbal and psychological abuse by Bob Gutoski. [ Penn Camera HR memo; dated 1/07/05 Barbara Hoye ]

**Disproves Defendant's, Defenses and Affirmative Defenses paragraph 8;**
   i.   While investigating Plaintiff complaint to Penn Camera the Personnel Director had contacted EEOC to see if Plaintiff had filed complaint with the EEOC, the Plaintiff had not, yet, then the Personnel Director retaliated. law states you have to give your employer the opportunity to rectify the matter before further action can be taken. [ Penn Cameras EEOC testimony ]

   ii.   Gathering evidence and testimony, giving testimony and filing EEOC complaints on behave of other employees is protected conduct under Title VII. Plaintiff was threatened with the loss of his job in a formal written reprimand when he attempted to get testimony on the working conditions of Samantha Sanders, who is Black, she was also threatened to keep her from giving testimony. The personnel director Barbara Hooy said it was none of his business and he did not have the right to know. Plaintiff was told, "if you thought there was a problem you are to go directly to

      management and that ends your responsibility". [ Reprimand April 28, 2005 ]

iii. Plaintiff held to different standard of performance, including unfavorable changes in his work conditions and assignments, from the managers he accused of race discrimination. [ Penn Camera HR memo; dated 2/14/05 Barbara Hoye ]

iv. Penn Camera EEOC testimony shows that Personnel Director had full support and the knowledge of the Companies President, CEO and Partner Owners. [Penn Camera EEOC testimony ]

**Affirms entire complaint of Plaintiff;**
i. Defendant confirms complaint of the Plaintiff "The investigation I conducted did in fact confirm the conflict you mentioned. It is also apparent that there is a management issue that needs to be addressed." Penn Camera calls its manager's action a "display of temper". [ Penn Camera HR memo; dated 1/07/05 Barbara Hoye ]


Plaintiff requests that the Court schedule a court hearing for Defendant's response. This will greatly expedite this matter saving the Courts time and resolve any issues Plaintiff might have in response.


_____     Date  6-17-08
Joel Johnson Jr
5430 85th Avenue 202
Hyattsville Maryland 20784
301 731-5237