*Let this be filed*
*C*
*Judge*
*Kolla-Kotelly*
*6/20/08*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joel Johnson Jr
    Plaintiff

           Case No. 07-cv-01175
           Judge Colleen Kollar-Kotelly

V

Penn Camera Exchange,
    Defendant


PLAINTIFF'S RESPONSE TO COURTS ORDER JUNE 11, 2008


Plaintiff Joel Johnson Jr submits explanation to Courts Order June 11, 2008 why the Court should vacate its order dated February 21, 2008 and Minutes dated March 20, 2008 and April 22, 2008 and set aside settlement agreement.

1. I, Joel Johnson Jr attest that there was no settlement agreement in any way, shape or form as of February 22, 2008 between Plaintiff Joel Johnson Jr and defendant Penn Camera.

2. Counsel for Plaintiff and Defendant entered into settlement talks beginning in September without the knowledge or consent of Plaintiff.

3. Counsel's statement to the court regarding settlement agreement was fraudulent.

4. Counsels reached agreement on settlement prior to February 22, 2008 without the knowledge or consent of Plaintiff, then went about forcing their agreement on Plaintiff.

5. Plaintiff did not enter into settlement talks until February 15, 2008. There was no agreement.

6. Plaintiff rejected Defendants monetary offer February 19, 2008 (letter to Counsel 2/19/08)

7. Counsel would not abide by Plaintiff's instructions.

8. Plaintiff made it clear on March 6, 2008 that he would not "Nowhere will I, do I, am I, going to sign anything with a confidentiality clause. I did not agree to any

clauses or add-ons." (letter to Counsel 3/06/08) Plaintiff told Counsel no settlement and Plaintiff wanted a default judgment, Counsel would not abide by Plaintiff's instructions.

9. Defendant's counsel with consent of Plaintiff's counsel threatened Plaintiff an a attempt at intimidation to force him to except Defendant's offer of settlement. (letter Paley Rothman 3/05/08)

10. From July 2007 through January 2008 Plaintiff had visited Defendant's E street location about 11 times, either to purchase merchandise or talk with friends. (Fernando Castillo known 17years, George Page known 12years, William Carter known 13years, Barbara Richardson known 9years). Neither Defendant nor its counsel had anything to say about Plaintiff's visit until Plaintiff rejected Defendant's settlement offer.

11. Plaintiff rejected Defendants settlement offer in whole on March 12, 2008. (letter to Counsel 3/12/08) Counsel would not abide by Plaintiff's instructions.

12. Counsel Karl Carter did not inform Plaintiff of agreement to meet with Magistrate Judge Alan Kay until after agreement was made.

13. Plaintiff was made to believe Judge Kollar-Kotelly would dismiss lawsuit if settlement were not reached.

14. Plaintiff told Counsel no settlement and Plaintiff wanted a default judgment, Counsel would not abide by Plaintiff's instructions.

15. Both counsel's misrepresented objectives for the hearing with Magistrate to the Court and Plaintiff. Plaintiff thought he was negotiating based on Plaintiff's settlement offer, which was made only because Plaintiff right to trail was being taken from him.

16. Counsels deliberately substituted the signature page from Defendant's offer, which was previously rejected, for the signature page of the Plaintiff's offer and deceived Plaintiff into signing.

17. Counsels purposely concealed the existence of the Defendant's offer that they had in their position at the hearing, which was then submitted to the court.

18. Now both Counsels say changes can be made. Changes made? Then how was this an agreement?

19. Both Counsels violated District of Columbia Rules of Professional Conduct submitted by the Board of Governors of the District of Columbia Bar.
    i. Rule 8.4 – Misconduct

    ii. (c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
    iii. (d) Engage in conduct that seriously interferes with the administration of justice;
    iv. (g) Seek or threaten to seek criminal charges or disciplinary charges solely to obtain an advantage in a civil matter.

20. In addition Counsel for Plaintiff violated Rules of Professional Conduct.
    i. Rule 1.2 – Scope of Representation
    ii. A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d), and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter

21. Plaintiff's right to sue under Title VII should not be forfeited because of the misconduct of lawyers.

Plaintiff requests that the Court schedule a court hearing for Defendant's response. This will greatly expedite this matter saving the Courts time and resolve any issues Plaintiff might have in response.

Based on the facts stated above Plaintiff ask the Court to vacate its Order dated February 21, 2008, Minutes Orders March 20, 2008, April 22, 2008, and aside settlement agreement. Also Plaintiff asks the Court to re-instated Plaintiff's lawsuit Case # 07-cv-01175.

_____  Date 6-17-08
Joel Johnson Jr
5430 85th Avenue 202
Hyattsville Maryland 20784
301 731-5237

MEMO TO LAWYERS 2/19/08
Karl Carter

As it stands I'm not settling for half a years salary, they have no defense to my lawsuit.

Their memo states that they confirm the conflict. As the first sentence in my complaint states "VERBAL ABUSE DENING ME A RAISE WILL NOT FORCE ME TO DO OTHER EMPLOYEES JOB!! I was not hired to cover their ass so they won't be yelled at for f-up on their job."
They should have fired their manager and his temper in accordance with Penn Camera's rules. Too bad Penn Camera's personnel director ignored the proof, retaliated against me and lied to the EEOC.
Bill Joncsher testified to the EEOC; his work and my work were taken for the wrong time, so work flow and performance had nothing to do with me.

Penn Camera was being sued at their Rockville location for race discrimination at the time of my complaint, based on consultations with the lawyer for the employee at Rockville
I could have gotten about a years salary as severance pay, just off that memo and Penn Camera's history of racism. Now add their deliberate retaliation, denial of two more raises, racial stereotype image to the EEOC.
Based on settlements on the EEOC's website I would settle for $50,000. If they want to explain how they got Samantha's signature on that document but don't have any white employee signatures [Robert Booth & Bill Joncsher who eye witnessed 100% of my complaint]. Playing the race card is about $25,000.

Joel Johnson  3/06/08
5430 85th Avenue
Hyattsville Maryland 20784

Karl Carter;

Nowhere will I, do I, am I, going to sign anything with a confidentiality clause. I did not agree to any clauses or add-ons. At this point it would be best to take this to the judge. All I see is a concerted effort to ignore my lawsuit and witness intimidation. This should have ended last August at the latest. I proved their work related claim is false and is a pretext to cover-up their racism. I'm not going to be forced into some shame settlement. Don't know who decided Penn Camera is going to get away with racism, they are not. So there is no settlement!


Joel Johnson Jr

Joel Johnson                                     3/12/08
5430 85th Avenue
Hyattsville MD 20784

Mr. Carter;

After seeing what they're terms for settlement are there is no way I would sign it. Its nothing more than a restraining order, slavery and segregation are over. I am not going to be dictated to by Steve Zweig.
The manager and personnel director still have their job, get raises and health care, while I'm trying to keep from defaulting on my mortgage. Right now that will be the only thing getting paid this month.
To me settling out of court means you don't go to court,
If we go to court:
    All of their words and actions would be public record
    The jury would render a verdict ($13,500)
    There would be no stipulations or clauses, I would be able to do whatever with whoever, whenever I want. Penn Camera would have no say.

They want to settle for $13,500 than that's all they're getting, everything else that would be public record that they don't want public record has a cost.
They are the ones who don't want it public, I Do.


Joel Johnson




**PALEY ROTHMAN**
GOLDSTEIN ROSENBERG, EIG & COOPER
CHARTERED

ATTORNEYS AT LAW
4800 HAMPDEN LANE 7TH FLOOR
BETHESDA, MARYLAND 20814-2922
PH 301 656 7603  FX 301 654 7354

March 5, 2008

WRITER'S E-MAIL AND DIRECT DIAL
(301) 951-9326
heastman@paleyrothman.com

VIA FEDERAL EXPRESS
Mr. Joel Johnson
5430 85th Avenue
Hyattsville, MD 20784

VIA FIRST CLASS MAIL
Mr. Joel Johnson
c/o Karl W. Carter, Esq.
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20002

    Re: Joel Johnson v. Penn Camera

Dear Mr. Johnson:

    Please be advised that, our client, Penn Camera, is the proprietor of the property located at 840 E Street, NW, located in Washington, D.C, as well as nine other stores. Penn Camera has the right of possession to these locations and, therefore, Penn Camera has the right to control the premises. We have previously requested through communications with your attorney, Mr. Carter that you stay away from the Penn Camera stores. Mr. Carter explained to us that advised you of our request. Nevertheless, at least once since those discussions, you came to the store and were frightening employees. It now appears that you have placed three flyers on the windows of the E Street store, copies of which are attached.

    At this time, we more formally demand that you cease and desist from trespassing on the E Street property or any of the other Penn Camera stores during business hours or otherwise, from communicating with employees, and from placing anything on any of the walls, windows, or other locations at any of the stores.

Mr. Joel Johnson
March 5, 2008
Page 2

      In the event that you fail to honor our demand and continue to interfere with our client's property and its employees, Penn Camera will seek all rights and remedies available to it, including criminal prosecution for trespass, defacing private property, and other relevant offenses. With Mr. Carter's consent, we are addressing this letter to you personally as well.

Sincerely,

Hope B. Eastman
Counsel for Penn Camera Exchange, Inc.