UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Let it be filed.
Judge CKollar-Kotelly
8/25/08*

Joel Johnson Jr
Plaintiff

V

Penn Camera Exchange,
Defendant

Case No. 07-cv-01175
Judge Colleen Kollar-Kotelly

**PLAINTIFF FINAL RESPONSE TO COURTS ORDER JUNE 11, 2008**

Racism is a crime its violence, I was issued a Right to Sue under Civil Rights Act of 1964 Title 7 not a right to settle! It's my lawsuit and I'm not releasing it and no one can make me. I say what I would except as settlement, like it or leave it. WHAT I SAY GOES!!!! Lawyers are not judge or jury. What authority do they have over me?
Why won't Defendant show up in court and defend itself against my lawsuit?

The Court had no right to turn my lawsuit over to the lawyers.
Court Docket filed March 20 2008 "The lawyers have resorted to making up false incidents to use to threaten me in an attempt [Letter enclosed] to intimidate me into a settlement. Penn Camera has no defense to my lawsuit. I am requesting a summary judgment or a default judgment ruling on my case."
Why am I being forced to settle?

From defendants so-called settlement "THIS IS A GENERAL RELEASE after Johnson has signed and delivered this agreement to Hope Eastman he will have seven days to revoke his signature." Since counsels have consistently not abided by Plaintiffs instructions and have filed statements to court contrary to Plaintiffs instructions, Plaintiff request the Court view the letter received (April 28 2008) by the court asking that settlement be rescinded as Plaintiffs revocation of signature.

The counsels have constantly committed perjury, fraud and submitted false statements to this Court creating a mockery of the system. They have no respect for the law or the court.

a) Court Docket filed 9/14/07 Defendants 2nd "motion for extension of time" Defendant stated that "On or about August 15 2007 the parties asked to extend the time for Defendant to answer Plaintiffs complaint, since that time, the parties have begun settlement discussions.. An additional extension may allow parties to negotiate **without press of court deadline**". And claims Karl Carter's consent.

b) Court Docket filed 8/04/08 Counsel Karl Carter stated "after the filing of the Defendants answer to Plaintiffs complaint" he entered into negotiations with Defendant. Defendant filed their answer November 7 2007. Was not given permission as claimed.

c) So the question is, who was Defendant negotiating with between August 15 2007 to November 7 2007, A sock puppet? "According to Dope Eastman (Defendants opposition to request to reinstate lawsuit) Communication that may have occurred between counsel, and between Mr Johnson and his counsel are irrelevant."

d) Court Docket filed 1/24/08 Counsel Karl Carter entered motion for extension of time to avoid court-hearing date.

e) Court Docket filed 2/21/08 Counsels claimed settlement reached to avoid court-hearing date. Plaintiff rejected Defendants monetary offer February 19, 2008 (letter to Counsel 2/19/08) So they agreed to $50,000+ $25,000 for playing the race card and no confidentiality. Or lied about settlement.

f) Court Docket filed 3/28/08 both counsel agreed to mediation. (letter to Counsel 3/06/08) Plaintiff told Counsel no settlement and Plaintiff wanted a default judgment. "A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d), and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter."

g) Court Docket filed 8/01/08 Defendant states settlement governed by state law and sites District of Columbia law. But in so-called settlement (13 Miscellaneous) "The interpretation of this agreement shall be governed by the laws of the State of Maryland.

    h) "Au Oh another court hearing scheduled so counsel lies to Court again. Who Court going to believe big shot lawyers or the Nigger"? This is the attitude of both counsels.

    i) Court dismisses my lawsuit based on lies of counsels.

Both Counsels claim in their testimony responding to Plaintiff request that Plaintiff knew of and under stood what Plaintiff was signing. Counsels did not show Plaintiff this document, which Counsels submitted to court, until May 7 2008. This was rejected in February.

**Why did defendant switch the signature page with the document that was turned down in February? Only the signature page was displayed at mediation April 22 2008. Defendants offer was rejected February 19 2008 why does it still exist? Why is Defendant portraying this as a legitimate agreement?**

Going into mediation April 22 2008 both parties agreed to amount to settle ($75,000), defendant wanted confidentiality. Plaintiff agreed that defendant would pay for it. At mediation defendant got (agreed to Plaintiff would only say lawsuit was settled satisfactory) limited confidentiality.

May 7 2008 Plaintiff asked to see settlement no one was in a hurry to let Plaintiff see it. When Plaintiff was finally shown Plaintiff saw it was the document Plaintiff turned down in February. Plaintiff said did not agree to this. Defendant said changes could be made. Minor change made to remedies, Defendant agreed to make changes to Statement, Penn camera Store location section (eliminate them) But Defendant did not make changes and just submitted once again to court representing as if it was agreed.

May 17 2008 Plaintiff meet with counsel, Plaintiff asked for copy of settlement, reluctantly gave it but did. Counsel said one page was missing Defendant was making agreed too changes to it. And that Judge Kay said any other changes Plaintiff wanted submit them and they would be entered into the settlement. (Audio file submitted 7/24 to court). Since the entire so-called agreement can be changed how is it an agreement? These lawyers should be dis-barred.

PLAINTIFF DEMANDS THAT LAWSUIT BE RE-INSTATED AND COURT VACATE THIS FRAUD DEFENDANT CALLS A SETTLEMENT. ORDER DEFENDANT TO DEFEND THEMSELVES AGAINST THE LAWSUIT FILED BY PLAINTIFF.
IF COURT INTENDS TO FORCE A SETTLEMENT THEN COURT IS TO RATIFY THE CHANGES PARTIES HAVE AGREED TO BE MADE AND CONFIRM AS FINAL DRAFT OF SETTLEMENT.

IF COURT ALLOWS THIS FINAL SETTLEMENT TO STAND AFTER CHANGES AGREED TOO ARE MADE, PLAINTIFF REQUEST THE COURT SHOULD FIND THAT DEFENDANTS ACTION OF SUBMITTING A FRAUDRALANT SETTLEMENT TO DECIVE THE COURT AS A VIOLATION OF THE SETTLEMENT, AND THUS IMPOSE THE PENALTY STATE WITHIN THE SETTLEMENT "THAT DEFENDANT WILL PAY DOUBLE AGREED UPON AMOUNT AND LOOSE CONFIDENTIALITY UNDER SECTION 6 IF DEFENDANT VIOLATES TERMS OF SETTLEMENT." PLAINTIFF REQUEST COURT HEARING FOR JUDGES DECISSION OF THE COURTS ORDER OF JUNE 11, 2008

_____   Date 8-12-08
Joel Johnson Jr
5430 85th Avenue 202
Hyattsville Maryland 20784
301 731-5237

CHANGES AGREED UPON BY PARTIES

RECITALS 4TH PARAGRAGH - Whereas Johnson filed a lawsuit (Case No.07-cv-01175) in the United States District Court for the District of Columbia for employment discrimination, and

2. Confidentiality
This agreement and its terms shall be Confidential and shall be disclosed only as necessary to implement its terms or as required by law. The Parties agree that the terms of this agreement are Confidential and agree not to disclose its financial terms to any person other than a spouse or immediate family member or attorney for purpose of seeking legal advice regarding this agreement.

3. Payment
In full and complete satisfaction of all claims arising out of or related to Johnson's employment with Penn Camera, termination of his employment with Penn Camera and claims asserted in captioned Johnson v Penn Camera case #07-cv-01175, Pen Camera shall pay Johnson the total of SEVENTY FIVE THOUSAND DOLLARS ($75,000) less customary withholding and legally required deductions. In additional payment for confidentiality Defendant as indicated under section (6 Statements) in the amount of $35,000 THIRTY FIVE THOUSAND DOLLARS.

5. Release by Johnson
Eliminate
    includes release from complaints, allegations and/or legal pursuits that encompass however are not limited to, actions under federal state or local employment and/or civil laws and regulations. Title VII of Civil Rights Act 1964, Civil Rights Act 1991, Age Discrimination in Employment Act, Fair Labor Standards Act, the Equal Pay Act, Employment Retirement Income Security Act, Rehabilitation Act, Americans with Disabilities Act, Family Medical Leave Act, Consolidated Omnibus Reconciliation Act of 1985, District of Columbia Wage and Hour and Wage Payment and Collection Law and any other similar federal state or local statute are among the laws and regulations covered.
    Applies to any claims arising out of any other federal state or local law relating to employment, compensation, employee benefits, whistleblowers, the termination of employment, fraud, defamation, invasion of privacy, violation of public policy, promissory estoppels or quantum meruit.

6 Statements
    Penn Camera agrees that it will provide Johnson with neutral reference.
Penn Camera will not make any disparaging remarks or assert any claims against Johnson
Penn Camera also agrees to pay in addition to (under payment section) confidentiality for
Actions taken by manager Bob Gotuski against Johnson  $10,000 _____ X
Actions taken by Personnel Director Barbara Hoye against Johnson  $10,000 _____ X
Actions taken by Penn Cameras after receiving complaint $10,000 _____ X
Actions taken by Penn Cameras any other employee $5,000 _____ X

Eliminate
7 Penn Camera Store Locations
8 Return of Property
9 Representation and warranties
13 Miscellaneous

10 Non-Interference
Nothing in this Agreement shall interfere with Johnson right to file charge or complaint with or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission Department of Labor or any other government agency.

12 Remedies
Parties acknowledge that if they materially breach the obligations they assume under this Agreement
" Penn Camera shall be entitled to injunctive relief, Penn Cameras obligations to pay the monies under paragraph 3 and provide neutral reference shall immediately cease, Penn Camera shall be entitled to all other remedies allowed by law including return of any payments made to Johnson under this agreement."
"Johnson shall be entitled to injunctive relief, Penn Camera will pay double (twice) the agreed upon payment under paragraph 3 and loose all confidentiality under section 6, Johnson shall be entitled to all other remedies allowed by law.